## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Tyna Frances Williams,<br><br>　　　　　　　Debtor. | Chapter 13<br>Case No. 24-42375 (WJF) |

## NOTICE OF HEARING AND
## OBJECTION TO CONFIRMATION OF PLAN

TO:　　The Debtor and other entities specified in Federal Rule of Bankruptcy Procedure 3015-1(e)(3).

　　　1.　　The Debtor's residential landlord, Sherman Associates, Inc., ("Sherman") hereby gives notice of a hearing and objects to confirmation of the Debtor's Modified Chapter 13 Plan ("Plan") [ECF 25].

　　　2.　　The objection will be heard at the confirmation hearing on the Debtor's Plan, scheduled for May 22, 2025, at 10:30 a.m., U.S. Bankruptcy Court, U.S. Courthouse, Courtroom 2A, 2nd Floor, 316 North Robert Street, Saint Paul, Minnesota.

　　　3.　　This Court has jurisdiction over this motion according to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005, and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 13 case was filed on August 10, 2022. The case is now pending in this Court.

　　　4.　　This objection arises under 11 U.S.C. § 365(b)(1)(A), Federal Rule of Bankruptcy Procedure 3015(f), and Local Rule 3015-1(e). This motion is filed under Federal Rule of Bankruptcy Procedure 9014, Local Rules 3015-1(e) and 9013-2. Sherman requests the Court deny confirmation of the Debtor's Plan.

　　　5.　　Pursuant to Local Rule 9013-2(c), Sherman hereby gives notice that, if necessary, it may call its representative, Shiva M. Anderson, or the Debtor, as witnesses at the hearing hereof.

　　　6.　　Sherman is the Debtor's residential landlord. Sherman has filed a Proof of Claim detailing the prepetition status of the Debtor's unrejected lease and providing the correct cure amount [exclusive of interest and the costs of various eviction proceedings] in accordance with the underlying agreement. [Proof of Claim 12-1].

      7.     Under 11 U.S.C. § 1324(a), Sherman objects to confirmation of the Debtor's plan because it fails to promptly cure the Debtor's prepetition lease default and fails to provide adequate assurance of cure.

      8.     Wherefore, Sherman respectfully requests that the Court deny confirmation of the plan, and grant such other relief as may be just and equitable.

      Respectfully submitted,

      **WARNER LAW, LLC**

Dated: May 21, 2025

*/e/ George E. Warner, Jr.*
George E. Warner, Jr. (#0222719)
120 South Sixth Street, Suite 1515
Minneapolis, Minnesota 55402-1817
Telephone (952) 922-7700

*Attorneys for Sherman Associates, Inc.*

Doc ID: de862ed6c33faa5c6e9da67d80fce5efdf8191e8

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Tyna Frances Williams,<br><br>Debtor. | Chapter 13<br>Case No. 24-42375 (WJF) |

## VERIFICATION OF SHIVA M. ANDERSON

I, Shiva M. Anderson, verify that I have read the foregoing Notice of Motion and Motion and do hereby certify and declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth therein are true and correct to the best of my knowledge, information, and belief. I execute this verification pursuant to and in accordance with the provisions of Local Rule 9013-2(d).

Dated: __05 / 21 / 2025__

_____
Shiva M. Anderson

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: <br><br> Tyna Frances Williams, <br><br> Debtor. | Chapter 13 <br> Case No. 24-42375 (WJF) |

## MEMORANDUM OF LAW

### INTRODUCTION

Sherman Associates, Inc. ("Sherman") submits this Memorandum in support of its objection to confirmation of the Debtor's Modified Plan. Sherman incorporates the facts stated in its Verified Objection, including the terms defined therein. The Court should deny confirmation of the Debtor's Plan because it fails to comply with the Bankruptcy Code.

### ARGUMENT

A plan is a contract between the debtor and the debtor's creditors. *Max Recovery, Inc. v. Than (In re Than)*, 215 B.R. 430, 435 (9th Cir. BAP 1997). The order confirming a Chapter 13 Plan, upon becoming final, represents a binding determination of the rights and liabilities of the parties as specified by the plan. 8 COLLIER ON BANKRUPTCY 1327.02 (Richard Levin & Henry J. Sommer eds. 16th ed. 2019).

Chapter 13 allows a debtor to assume an unexpired contract or lease. 11 U.S.C. § 365(a) ("the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.") But the Code prohibits a debtor from assuming a contract that is in default, unless they either cure, or provide adequate assurance they will

promptly cure, the default:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee *may not assume* such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (a)   *cures*, or *provides adequate assurance that the trustee will promptly cure*, such default … .

11 U.S.C. § 365(b)(1)(A) (emphasis added). In this case, the Court may not confirm the Debtor's plan because it fails to comply with the two requirements of § 365(b)(1)(A).

1. ***Prompt Cure***

First, the Debtor's Plan fails to cure the default promptly. The main requirement of Section 365(b) is a *prompt* cure of the lease arrears. Here, the Debtor proposes a thirty-six (36) month cure period, on a lease with only six (6) months remaining. In other words, the debtor proposes to cure the default over a period that is 500% longer than the remaining lease term.

Courts recognize that "what is a prompt cure can often vary according to the circumstances of a given case," but still uniformly reject proposed cure periods that are effectively coterminous with the lease itself. "I cannot say that any Court, under any circumstance, would find that such a proposal qualifies as a 'prompt' cure under section 365(b)(1)." *In re Berkshire Chemical Haulers, Inc.*, 20 B.R. 454 (Bankr.Mass.1982), *as quoted in In re Uniq Shoes Corp.*, 316 B.R. 748, 751 (Bankr. S.D. Fla. 2004). *Accord, In re R/P Int'l Techs., Inc.*, 57 B.R. 869, 873 (Bankr. S.D. Ohio 1985).

*In re Reed*, 226 B.R. 1, 2 (Bankr. W.D. Ky. 1998), lists "the remaining term of the lease" as one of five promptness considerations. If the lease term itself is beyond the outer limits of a prompt cure, then it is axiomatic that a cure period six times longer than the lease term is not

prompt.

At a minimum, a debtor's Plan must provide for the cure of any prepetition arrearage claim by the lease termination date. Some courts have held that, "absent evidence to the contrary, six months in consumer cases would be considered the maximum permissible period of time in which to cure a lease arrearage under 11 U.S.C.A. § 365(b)(1)." *See, In re Reed*, 226 B.R. 1, 2 (Bankr.W.D.Ky.1998).

The *Reed* court added that this is a "fairly lengthy period[.]" *Reed*, 226 B.R. at 2, *see also, In re R/P Intern. Techs., Inc.*, 57 B.R. 869, 873 (Bankr. S.D. Ohio 1985) ("Because the proposed payment period for the cure is virtually co-extensive with the claimed remaining life of the lease, it cannot be said . . . that the period of payment is sufficiently less than the complete period of the relationship between the parties that it is 'prompt' cure.").

### 2. *Adequate Assurance*

Second, the Debtor's Modified Plan fails to satisfy the second requirement of 365(b)(1), *adequate assurance* of prompt cure. Strikingly, this Debtor's past filing history shows four (4) previous Chapter 7 or 13 filings in the last decade, including two (2) unsuccessful Chapter 13 attempts in 2023 alone. Specifically, PACER records show the following:

1. **January 15, 2021, Northern District of Illinois, Case 21-00537. Chapter 13 dismissed for failure to make payments. [ECF 30].**

2. **February 2, 2023, District of Minnesota, Case 23-40192. Chapter 13 dismissed for failure to make payments. [ECF 16].**

3. **October 17, 2023, District of Minnesota, Case 23-42141. Chapter 13 dismissed for failure to make payments. [ECF 18].**

4. **September 3, 2024, District of Minnesota, Case 24-42375. Motion to Dismiss for failure to make payments [ECF 24], withdrawn by Chapter 13 Trustee.**

While prior filings may not be entirely dispositive, they are highly instructive. As other Courts have noted:

> In making the determination of "adequate assurance", the Court must give a practical pragmatic construction based on the circumstances of each case. *In re Prime Motor Inns, Inc*., 166 B.R. 993, 997 (Bankr.S.D.Fla.1994). Assurance is adequate if performance is likely; that is, more probable than not.

*In re Tama Beef Packing, Inc*., 277 B.R. 407, 411 (Bankr. N.D. Iowa 2002).

Here, given the Debtor's prior history of failed filings, the most probable outcome of this case is, similarly, failure. Indeed, the Chapter 13 Trustee's prior Motion to Dismiss for Failure to Make Plan Payments [ECF 24] is further support of this analysis. As such, the Debtor fails to provide any adequate assurance of cure.

## CONCLUSION

Based on all the foregoing, Sherman, respectfully requests that the Court deny confirmation.

Respectfully submitted,

**WARNER LAW, LLC**

Dated: May 21, 2025

*/e/ George E. Warner, Jr.*
George E. Warner, Jr. (#0222719)
120 South Sixth Street, Suite 1515
Minneapolis, Minnesota 55402-1817
Telephone (952) 922-7700

*Attorneys for Sherman Associates, Inc.*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| In Re:<br><br>Tyna Frances Williams,<br><br>　　　　　　Debtor. | Chapter 13<br>Case No. 24-42375 (WJF) |
|---|---|

## ORDER

The above-entitled matter came on for hearing on the Debtor's Motion under 11 U.S.C. § 1322 on May 22, 2025, at the U.S. Bankruptcy Court, Saint Paul, Minnesota.

Appearances were as noted on the record.

Based upon the evidence adduced at the hearing, the arguments of counsel, and the Court being fully advised of the premises,

IT IS HEREBY ORDERED:

Confirmation of the Debtor's Chapter 13 plan is denied.

Dated: _____          _____
　　　　　　　　　　　　　　　　　　William J. Fisher
　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

![Dropbox Sign]                                                                 Audit trail

| | |
|---|---|
| Title | 3075:00002 | Midtown Exchange Apartments LP v. Tyna F.... |
| File name | 2025-05-21%20Tyna...0Confirmation.pdf |
| Document ID | de862ed6c33faa5c6e9da67d80fce5efdf8191e8 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

This document was requested from app.clio.com

## Document History

**SENT**  
**05 / 21 / 2025**  
16:10:17 UTC  
Sent for signature to Shiva M. Anderson (sanderson@sherman-associates.com) from kristen@warnerlawmn.com  
IP: 68.59.35.9

**VIEWED**  
**05 / 21 / 2025**  
16:26:04 UTC  
Viewed by Shiva M. Anderson (sanderson@sherman-associates.com)  
IP: 50.173.219.154

**SIGNED**  
**05 / 21 / 2025**  
16:26:23 UTC  
Signed by Shiva M. Anderson (sanderson@sherman-associates.com)  
IP: 50.173.219.154

**COMPLETED**  
**05 / 21 / 2025**  
16:26:23 UTC  
The document has been completed.

Powered by Dropbox Sign